UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

THOMAS GESUALDI and FRANK FINKEL,
Trustees of Local 282 International Brotherhood
of Teamsters Welfare, Pension, Annuity, Job
Training and Vacation Sick Leave Trust Funds,

**MEMORANDUM AND ORDER**
Case No. 09-CV-3002 (FB) (RER)

            Plaintiffs,

  -against-

WILD HORSE TRUCKING, INC.,

            Defendant.
---------------------------------------------------------x

*Appearances:*
*For the Plaintiffs:*
AVRAM H. SCHREIBER, ESQ.
40 Exchange Place, Suite 1300
New York, NY 10005

**BLOCK, Senior District Judge:**

        On July 14, 2009, plaintiffs (the "Trustees") filed a complaint seeking recovery of unpaid benefit contributions, delinquency charges, liquidated damages, attorney's fees, costs and interest from defendant Wild Horse Trucking, Inc. ("WHT"); the Trustees also seek a permanent injunction. WHT was duly served, *see* Schreiber Aff. Ex. A (Summons, Complaint, and Affidavit of Service), but failed to respond or otherwise defend against the action, *see* Docket Entry No. 6 (Clerk's Entry of Default). The Trustees now move for a default judgment pursuant to Federal Rule of Civil Procedure 55(b).

        A defendant's default is an admission of all well-pleaded allegations in the complaint except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all

well pleaded allegations of liability, it is not considered an admission of damages."). A district court must nevertheless determine whether the allegations state a claim upon which relief may be granted, *see Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("[A district court] need not agree that the alleged facts constitute a valid cause of action."); if they do, damages "must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." *Greyhound Exhibitgroup*, 973 F.2d at 158.

The Trustees allege that WHT was a party to a collective bargaining agreement ("CBA"), pursuant to which WHT was responsible for benefit contribution payments on behalf of its covered employees. Compl. at 8. The Trustees allege that certain of WHT's employees were covered by the CBA, that WHT's benefit contributions were "due and owing," Compl. at 9, and that "[n]o part o the fringe benefit contributions and/or delinquency charges, contractually due [Trustees], has been paid by [WHT]." Compl. at 10.

These allegations – now deemed admitted – are sufficient to establish a breach of the CBA and, by extension, a violation of ERISA. *See* 29 U.S.C. § 1145 ("Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."). Thus, Trustees' motion for a default judgment is granted.

Having established a violation of § 1145, the Trustees are entitled to the remedies set forth in § 1132(g)(2), as well as any additional damages stemming from WHT's breach of the CBA; the matter is referred to the assigned magistrate judge for a report and recommendation on the relief to be awarded.

**SO ORDERED**.

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
November 3, 2009